UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN GRIMM, et al.,<br><br>Defendant(s). | Case No. 2:08-CR-64 JCM (GWF)<br><br>**ORDER** |

Presently before the court is Eve Mazzarella's ("defendant") motion to reconsider this court's denial of compassionate release. (ECF No. 807). The government has not responded, and the time to do so has passed.

**I.    Background**

As relevant to this motion, Judge Hunt sentenced defendant to 14 years' incarceration on March 30, 2012, for various charges related to a mortgage fraud scheme. (ECF Nos. 428; 439).

In light of the ongoing COVID-19 pandemic, defendant moved this court for compassionate release. (ECF No. 778). She argued that her underlying conditions compromise her immune system. (*Id.*). This court ultimately denied defendant's request, (ECF No. 798), but first ordered a medical examination of defendant and additional briefing. (ECF No. 778). This court was inclined to release defendant, but only if she was actually diagnosed with Systemic Lupus Erythematous ("lupus") as alleged. (ECF No. 787). The BOP's physician examined defendant and found that she did not have lupus. (ECF No. 794).

Defendant moves for reconsideration after having obtained additional medical opinions on her immunological condition. (ECF No. 807).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).[1]

## III. Discussion

Per the local rules, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."  LCR 47-3.  The response deadline was over two weeks ago, yet the government has not responded.  However, this court exercises its discretion to consider the government's prior briefing and examine the merits of defendant's request.  (ECF No. 807).  Defendant represents that the government has communicated its desire to maintain its original position.  (*Id.*).

Defendant moves to reconsider on "based upon new information and developments in [defendant's] medical condition and diagnosis."  (*Id.*).  Defendant's family has retained Second Opinion Expert, Inc. ("Second Opinion"), "a medical service which provides medical reviews and opinions based upon actual medical examinations or review of medical records when a face to face examination is not possible."  (*Id.*).  Defendant has also received an additional medical examination from the Bureau of Prisons ("BOP") which corroborated her position.  (*Id.*).  These additional medical opinions are indeed new facts, warranting reconsideration.  Defendant represents that these opinions sufficiently demonstrate that she suffers from an autoimmune disorder that presents an increased risk of harm from COVID-19.  (*Id.*).  This court agrees.

---

[1] "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."  *United States v. Mendez*, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008); *see also United States v. Martin,* 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark,* post-judgment motions for reconsideration may be filed in criminal cases").

**James C. Mahan**
**U.S. District Judge**

The opinion of Rheumatologist Arash A. Horizon, M.D. ("Dr. Horizon") diagnoses defendant with "Chronic Urticari," noting that it is "likely an immediated process whereby the triggered immune response is causing uritcuria." (*Id.*). Defendant explains that this is where the immune system "attack[s] the normal tissues of the body and caus[es] hives as a result." (*Id.* (citing American Osteopathic College of Dermatology, Urticaria, www.aocd.org/page/Urticaria)). This court notes that the opinion was generated without the benefit of an in-person examination, thus this court's determination rests heavily on the entirety of defendant's medical records. (ECF Nos. 778, 807).

In August 2020, defendant also received and examination from a BOP physician, Dr. Bikramjit Ahluwalia ("Dr. Ahluwalia"). Dr. Ahluwalia opined that defendant suffered from "systemic involvement of connective tissue, unspecified – M35-9." (ECF No. 807). This opinion also recognizes the possibility of autoimmune disease and recommends treatments accordingly. This opinion was made after an in-person examination and it largely tracks with the opinion by Dr. Horizon. (*Id.*).

Having weighed the dueling medical opinions presented by the defendant and government, this court finds that the instant case presents an extraordinary and compelling reason for release. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease Control, *People Who Need to Take Extra Precautions,* (June 25, 2020).[2] The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death." *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (Oct. 6, 2020).[3] Additionally, defendant represents that she has had difficulty receiving her treatment. (ECF No. 807). Both of defendant's recent medical opinions prescribe Hydroxychloroquine. (*Id.*).

This court has also weighed all necessary factors in deciding to grant defendant's motion. To be eligible for compassionate release, a defendant must then demonstrate: (1) the existence of

---

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

[3] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13. This court grants defendant's motion only upon considering defendant's condition alongside other factors under 18 U.S.C. §3553(a). Defendant has served approximately 8 years of her 14-year sentence, and she serves no danger to the community. (ECF No. 778). The present circumstances dictate that the remainder of her sentence is better served outside of prison. Defendant has represented that she is able to serve this time with her father in California and that she has her family's support. (*Id.*).

In light of this court's determination, defendant's remaining 2255 motion is denied as moot. (ECF No. 700).

**Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Eve Mazzarella's motion to reconsider (ECF No. 807) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for compassionate release (ECF No. 778) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 700) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's sentence of imprisonment be, and the same hereby is, MODIFIED to CREDIT FOR TIME SERVED.

IT IS FURTHER ORDERED that this order is stayed for up to 14 days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant's counsel shall, within 7 days of this order, contact the BOP to arrange transportation.

IT IS FURTHER ORDERED that defendant shall serve the remaining portion of the original term of imprisonment (as calculated by the BOP) as supervised release with the special condition that he shall be subject to home incarceration without the requirement of electronic monitoring for the time being.

IT IS FURTHER ORDERED that defendant shall not be required to report to the U.S. Probation Office in person.  However, within 72 hours of his release, defendant shall contact the U.S. Probation Office by telephone to check in.

IT IS FURTHER ORDERED that defendant shall be restricted to her residence at all times (home incarceration) except for medical necessities and or other activities specifically approved by U.S. Probation or this court.

IT IS FURTHER ORDERED that defendant shall serve supervised release as originally imposed.

IT IS FURTHER ORDERED that, in light of the COVID-19 pandemic, current standard condition originally imposed mandating that defendant work at least 30 hours per week at a lawful type of employment and participate in community service is temporarily suspended.

IT IS FURTHER ORDERED that all other conditions of supervision originally imposed shall remain in effect.

DATED October 21, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**